UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-20716-CIV-WILLIAMS

JON A. SALE, *as Receiver for*
MEDIA PAY LLC,

    Plaintiff,

vs.

JUMBLEBERRY ENTERPRISES USA, LTD, *et al*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' Report & Recommendation ("Report") on Defendants' motion to dismiss, or in the alternative, motion for summary judgment. (DE 39). The Report recommends that the Court grant Defendants' motion and dismiss this matter without prejudice pursuant to Rule 12(b)(5) for insufficient service of process. Plaintiff Jon Sale as court-appointed receiver for Media Pay LLC (the "Receiver") filed objections to the Report (DE 40) and Defendants filed a response to the objections (DE 41).

A party may serve written objections to a report and recommendation. The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." S.D. Fla. L. Mag. R. 4(b). "A District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Receiver makes four arguments in its objections: 1) service in this matter was proper; 2) it is reversible error to dismiss the complaint pursuant to Rule 4(m); 3) the Report failed to consider whether service should have been quashed instead of dismissed; and 4) the Report is "reversible by failing to specifically consider whether the Receiver should be given an extension of time to serve Defendants instead of dismissal." (DE 40).

To support its argument that service was proper, the Receiver asserts that because Defendants received a copy of the summons and complaint, the Receiver succeeded in effecting service under Rule 16.08(a) of the Ontario Rules of Civil Procedure. Rule 16.08(a) provides that "[w]here a document has been served in a manner other than one authorized by these rules or an order, the court may make an order validating the service where the court is satisfied that [ ] the document came to the notice of the person to be served." Ont. R. Civ. P. 16.08(a). The Report considered this provision and recognized that it "*permits* a court to enter an order validating service," but based on the facts, did not recommend that the Court "exercise its discretion under [Rule] 16.08(a) to order that actual service was proper." (DE 39) (emphasis added). Following a *de novo* review of the Report, the Court rejects the Receiver's objections to this portion of the Report.

As explained in *In re Greater Ministries Intern, Inc.*,—which the Report cites and discusses—"ineffective service cannot become effective simply through the defendant's knowledge of a proceeding. This would essentially waive a defendant's right to be served

2

properly upon a showing that they possess knowledge of a legal proceeding." *In re Greater Ministries Int'l, Inc.*, 282 B.R. 496, 502 (Bankr. M.D. Fla. 2002). In that case, a process server made several attempts to serve the defendant by delivering copies of the summons to his residence at a condominium complex. However, "[e]ach time service was attempted, the concierge of the condominium complex refused to allow [the process server] inside." *Id.* at 498. The process server ultimately left the summons package with the concierge, who indicated that it would be delivered to the defendant, and copies of the summonses were also mailed to the defendant's home. The court specifically considered Rule 16.08 of the Ontario Rules of Civil Procedure when it declined to exercise the discretion provided under the Ontario rules to validate service, and determined that the defendant "would be prejudiced if service were deemed effected upon him" and, moreover, that it would "render the Ontario rules of service a nullity." *Id.* at 501. The court further noted that "[i]f the government of Canada wished that notice of a proceeding was effective simply upon the knowledge of a potential defendant, then why have they not said just that, rather than enacting the numerous service methods which currently exist specifically to determine the success or failure of attempted service." *Id.* at 502.

This analysis—and the Report's reliance on it—is also consistent with Eleventh Circuit decisions explaining that "a defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Laurent v. Potter*, 405 F. App'x 453, 454 (11th Cir. 2010) ("[T]he fact that Potter may have had actual notice of the pending suit does not excuse Laurent's defectively executed service."); *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 348 (11th Cir. 2006) ("[A] defendant's actual notice is not sufficient to cure defectively executed service"); *Wearing*

3

*v. Savannah State Univ.*, 132 F. App'x 813, 814 (11th Cir. 2005) ("Actual notice of the lawsuit on the defendants' part does not cure defective service."). Accordingly, based on a review of the record and applicable law, the Court adopts the Report's finding that service was not proper.

The Court next considers the Receiver's argument that if service was improper, the appropriate remedy is quashing service rather than dismissing the case. The Report did not consider quashing service and allowing additional time for proper service, and instead recommended dismissal "[b]ecause Plaintiff failed to effectuate service by August 19, 2020 in violation of the Court's May 19, 2020 Order." (DE 39). By way of background, on May 7, 2020, the Court entered an order, stating that pursuant to Rule 4(m), Plaintiff shall effect service of process and file proof of service of the Complaint by no later than May 19, 2020. (DE 6). Following the Court's Order, the Receiver filed a motion for extension of time, stating that Defendants are foreign entities and that good cause exists for an extension of time to effectuate service of process, "where the Receiver has acted diligently without success." (DE 7). In the motion, the Receiver "propose[d] that if he has not served Defendants within 90 days of May 19--by August 19--he will provide the Court with a status update explaining the delay and the other diligent measures he has attempted to serve Defendants." *Id.* Judge Torres granted in part and denied in part the motion[1], stating:

> Plaintiffs request for a reasonable extension of time, given the current circumstances of COVID-19, is Granted for good cause shown. Plaintiff shall now effect service of process and file proof of service by no later than August 19, 2020.

---

[1] Pursuant to 28 U.S.C. §636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, the Court referred all discovery disputes and non-dispositive pretrial motions to Judge Torres. (DE 3).

> However, all claims against any Defendant that has not been served with notice of this action by that day will be dismissed without prejudice pursuant to Rule 4(m).

(DE 8). The Receiver now argues in its objections to the Report that this Order was entered in error because Rule 4(m) does not apply to service on defendants in a foreign country. The Receiver further asserts that because he "believed (and still does) in good faith that he effectuated proper service by August 19, 2020, he did not raise the issue again in another motion for an extension of time or otherwise." (DE 40).

While the Receiver may be correct that the 90-day time limit set forth in Rule 4(m) does not apply to foreign service, courts have found that plaintiffs do not have unlimited time to serve foreign defendants. *See e.g.*, Blo*ckbuster, LLC v. Grupo Mizbe, S.A.*, No. 13-62042-CIV, 2015 WL 12712060, at *1 (S.D. Fla. Apr. 8, 2015) ("Because district courts need to be able to control their dockets, ... the amount of time allowed for foreign service is not unlimited.") (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Here, the Court's first Order on service was entered nearly three months after the Receiver initiated this action. (DE 6). The Court's next Order directed the Receiver to effect service within the following three months. (DE 8). Accordingly, as an initial matter, the Court notes that it has not held the Receiver to the 90-day time limit set forth in Rule 4(m).[2]

However, as it appears the Receiver attempted to comply with the Court's Order requiring service by August 19, 2020, and because the record does not show that the Receiver failed to exercise diligence in its attempt to effectuate proper service, the Court agrees that quashing service, rather than dismissing this action, is appropriate—

---

[2] The Court also notes (as Defendants state in their response to the objections), that the Receiver did not file any objection to Judge Torres' Order directing service by August 19, 2020.

5

particularly, in light of the Receiver's assertion that "a dismissal without prejudice under these circumstances must be treated as a dismissal with prejudice." (DE 40); *see Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").

And, as "[i]t is generally held that dismissal of a complaint should be avoided when there is a reasonable prospect for effective service,"—which the Receiver claims there is—the Court is further persuaded that dismissal is premature and the Receiver shall have a **final** opportunity to accomplish service of process. *Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223-CIV, 2008 WL 516996, at *5 (S.D. Fla. Feb. 23, 2008) ("Here, it is clear that dismissal is not the appropriate remedy. There is a fair likelihood that Plaintiff could properly serve this Defendant under the Convention, either through the channel originally utilized or another method of service permitted under Canadian law. Thus, the Court will quash service of process, rather than dismissing the complaint."); *see also Hadden v. Univ. Acct. Servs.*, No. 18-81385-CIV, 2020 WL 607112, at *3 (S.D. Fla. Feb. 7, 2020) ("[D]ismissal is not invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case.") (quoting *Sherrod v. Sch. Bd. of Palm Beach Cty.*, No. 12-80263-CV, 2012 WL 12895257, at *3 (S.D. Fla. Aug. 1, 2012) (internal quotations omitted), *aff'd*, 550 F. App'x 809 (11th Cir. 2013)).

Accordingly, after a careful review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 39) is **AFFIRMED AND ADOPTED IN PART**.

2. Defendants' motion (DE 13) is **GRANTED** only insofar as the Court finds that service in this matter was insufficient. Service of process on Defendants is **QUASHED**. The Receiver shall effectuate proper service on Defendants within 60 days of this Order.

3. Failure to properly serve Defendants within 60 days of this Order may result in the Court dismissing this case with prejudice.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>22nd</u> day of March, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE